United States District Court
Southern District of Texas

**ENTERED**

February 25, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE LUIS FERNANDEZ PORTILLO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-0158 |
| | § | |
| RANDY TATE, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Jose Luis Fernandez Portillo ("Petitioner"), a citizen of Venezuela, entered the United States without inspection in 2021.[1] Petitioner alleges that he has had Temporary Protected Status since 2021 and was pursuing relief through the United States Citizenship and Immigration Services.[2] On November 14, 2025, while at a scheduled Immigration and Customs Enforcement ("ICE") check-in, ICE arrested Petitioner without a judicial warrant.[3] An immigration judge denied Petitioner a bond hearing and he remains in immigration custody.[4]

---

[1] Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 3 ¶ 9; Government's Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ") (Docket Entry No. 6), p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing System.

[2] Habeas Petition, Docket Entry No. 1, p. 3 ¶ 9.

[3] Id. ¶¶ 10-11.

[4] Id. ¶ 13.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner asserts that his detention violates (1) the Fourth Amendment, (2) the Immigration and Nationality Act ("INA"), and (3) due process under the Fifth Amendment.[5]

Also pending before the court is Respondents' MSJ (Docket Entry No. 6). Respondents argue that Petitioner can legally be detained under § 1225(b)(2) as an applicant for admission.[6] Petitioner has filed Petitioner's Reply to Government's Response and Opposition to Motion for Summary Judgment ("Petitioner's Reply") (Docket Entry No. 7).

As the Fifth Circuit explained in Buenrostro-Mendez v. Bondi, No. 25-20496 Consolidated With 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026), § 1225(b)(2) applies to aliens who were already present in the United States at the time of their arrest. Id. at *1, *10. The Fifth Circuit's holding and analysis apply in this case.

Petitioner asserts that his Fourth Amendment rights were violated when ICE arrested him at a scheduled check-in.[7] However, because the Fifth Circuit has held that § 1225 applies to aliens

---

[5]Id. at 4-6.

[6]Respondents' MSJ, Docket Entry No. 6, pp. 1-2.

[7]Habeas Petition, Docket Entry No. 1, p. 3 ¶¶ 10-11; pp. 4-5 ¶¶ 18-19 ("Because INA § 1225 does not apply, ICE lacked lawful authority-rendering the seizure per se unreasonable.").

-2-

like Petitioner, Petitioner's Fourth Amendment claim is foreclosed because "it relies on assertion of the Government's lack of authority to detain him under § 1225."[8] Ordonez v. Frink, Civil Action Number 4:25-cv-06386, 2026 WL 143153, at *1 (S.D. Tex. Jan. 20, 2026).

Citing Zadvydas v. Davis, 121 S. Ct. 2491 (2001), Petitioner argues that his detention without a bond hearing violates due process.[9] However, as explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)).

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 6) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**.

---

[8]Petitioner also argues that even if § 1225 applies to him, his warrantless arrest violated the Fourth Amendment because ICE did not have probable cause. Petitioner's Reply, Docket Entry No. 7, p. 5. Probable cause exists when the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person" to believe "that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 99 S. Ct. 2627, 2632 (1979). Because § 1225 allows for the detention of any alien who is "not clearly and beyond a doubt entitled to be admitted," ICE had probable cause to arrest Petitioner at his temporary protected status check-in. 8 U.S.C. § 1225(b)(2)(A).

[9]Habeas Petition, Docket Entry No. 1, p. 6 ¶ 28.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 25th day of February, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE